UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re

        Case No. 803-80994-288

    MORGANSEN'S LTD                        Chapter 11

                   Debtor.
-------------------------------------------------------X

## ORDER SCHEDULING CASE MANAGEMENT CONFERENCE

On February 20, 2003, the Debtor filed a chapter 11 petition.  The Court has determined that a case management conference ("Conference") may aid in the efficient administration of this case.  Therefore, it is:

**ORDERED**, under 11 U.S.C. S.105(d), that the Court shall conduct a Conference at

      **UNITED STATES BANKRUPTCY COURT**
      **LONG ISLAND FEDERAL COURTHOUSE**
      **290 FEDERAL PLAZA**
      **ROOM 860**
      **CENTRAL ISLIP, NEW YORK 11722**

on **April 17, 2003 at 9:30am;**  it is further

    **ORDERED**, that at this Conference or any continued or adjourned Conference, the Court may consider and issue an order prescribing such limitations and conditions as the Court deems appropriate to ensure that this case is handled expeditiously and economically, including provisions that:
       (1)  Schedule a date by which the Debtor, or trustee if one has been appointed, shall file a disclosure statement and plan;
       (2)  Schedule a bar date for the filing of proofs of claim or interest, and the date and fix terms of the notice for the hearing to approve the disclosure statement and confirm the plan;
       (3)  Schedule the dates by which the Debtor must accept or reject any unexpired residential real estate lease or executory contact, and any extensions of the deadline to assume or reject any unexpired nonresidential real estate lease;
       (4)  Enforce the requirements of the Debtor to appear at the meeting of creditors, to file timely monthly operating reports, and to pay all fees required under 28 U.S.C. S. 1930; and it is further

**ORDERED**, the following topics may also be considered at the Conference:

(1) The development and implementation of a "business plan" to curtail operating loses, close unprofitable divisions or locations, or dispose of nonproductive or surplus assets;

(2) Operation of the Debtor's business, including the filing of post-petition tax returns and the payment of post-petition taxes and normal operating expenses;

(3) The continuation, modification or termination of the use of cash collateral or of debtor-in-possession financing as approved by prior orders of the Court;

(4) Preview of the chapter 11 plan (reorganization, liquidation or workout); the sources and amount to fund the plan, and requests to shorten or extend the exclusivity period for filing a disclosure statement and plan);

(5) Estimated chapter 11 administrative expenses, including anticipated budgets for professionals employed by the Debtor, official committees, and other who may expect to be paid or reimbursed from the estate;

(6) Approval of the employment of any professional persons to be retained by the Debtor, any official committee, and any outstanding issues of disinterestedness with respect to any professional persons whose employment has been conditionally approved by prior order of the Court;

(7) Objections to the validity, priority or perfection of any prepetition security interests or mortgage liens;

(8) The commencement of any avoidance actions or over complaints to recover assets for the estate;

(9) The disposition of any motions filed by the U.S. Trustee or on the Court's own motion to dismiss or convert the case;

(10) The contents of a further scheduling and case management order to follow as a result of this Conference; and

(11) Any other matters which may be relevant or appropriate; and it is further

**ORDERED**, that the Debtor and counsel shall attend the Conference. Failure to appear will be grounds for entry of an order to convert or dismiss this case and for other related orders, including sanctions. Counsel for any official committee (or if no counsel has been employed, then the chairperson of the committee), a representative from the Office of the United States Trustee, are expected, but are not ordered, to attend the Conference. All other interested parties are invited to attend, but need not do so. The Clerk of the Court shall give notice by mail of this order at least twenty (20) days before the Conference to the Debtor, the Debtor's counsel, the Office of the United States Trustee and to any party having filed a proper request for notice; and it is further

**ORDERED**, that any motion, application, or stipulation that the debtor, the United States Trustee, or any other party in interest to whom the notice has been sent wishes to be considered at the Conference (except as otherwise provided in this Order) shall be filed and served on parties entitled to notice not less than five (5) business days before the Conference.

**THIS ORDER SHALL CONSTITUTE NOTICE TO ALL CREDITORS UNDER SECTION 1112(B) THAT THE COURT MAY CONSIDER AND DETERMINE ANY MOTION TO CONVERT, DISMISS OR APPOINT A CHAPTER 11 TRUSTEE FOR CAUSE MADE AT THE CONFERENCE BY ANY PARTY IN INTEREST OR THE UNITED STATES TRUSTEE OR ON THE COURT'S OWN MOTION.**

Dated: Central Islip, New York
March 31, 2003

/s/ Stan Bernstein

**STAN BERNSTEIN**
United States Bankruptcy Judge

ch11statconf