UNITED STATES BANKRUPTCY COURT     11-3581269
EASTERN DISTRICT OF NEW YORK     nha 9336
--------------------------------------------------------------X
In re

          Case No. 803-80994-288
MORGANSEN'S LTD,         Converted Chapter 7 case

          Debtor.
--------------------------------------------------------------X

**ORDER SCHEDULING EXPEDITED HEARING AND LIMITING NOTICE OF HEARING ON MOTION BY CHAPTER 7 TRUSTEE FOR THE ENTRY OF PROPOSED ORDER AT EXHIBIT "A" TO THE MOTION: (1) APPROVING STRUCTURED DISMISSAL OF THIS CH. 7 CASE; (2) DIRECTING THAT ESTATE FUNDS BEING HELD BY TRUSTEE BE PAID FIRST FOR REIMBURSEMENT OF DISBURSEMENTS BY HOLDERS OF CH. 7 TRUSTEE ADMINISTRATIVE CLAIMS, AND THEN PRO RATA, TO HOLDERS OF CH. 7 TRUSTEE ADMINISTRATIVE CLAIMS**

Upon the motion dated June 18, 2007 (the "Motion") of Neil H. Ackerman, Esq., the chapter 7 trustee (the "Trustee") in this case, by his counsel, Meltzer, Lippe, Goldstein & Breitstone, LLP, ("MLG") among other things requesting the issuance of this Order scheduling and limiting the notice of the hearing on the Trustee's requests for relief in the Motion for an Order; and no adverse interest having been represented; and no advance notice of or hearing on the request for the issuance of this Order scheduling and limiting the notice of the hearing being required by the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure; and after due deliberation and sufficient cause appearing therefor; it is

ORDERED, for good cause shown, pursuant to Federal Rules of Bankruptcy Procedure 9007 and 9013, that at 10:00 a.m. on July 3, 2007 (the "Hearing"), an expedited hearing will be held before this Court to consider the request of the Trustee in the Motion for the entry of an Order in the from of the proposed Order attached to the Motion at Exhibit "A" (the "Post-Hearing Proposed Order") under, among other provisions, 11 U.S.C. §§ 105(a), 305(a)(1),

330, 347, 349, 350 and 726, Federal Rules of Bankruptcy Procedure 2002 and 6007, and the

Local Rules and Orders of this Court, among other things, (A) approving the structured dismissal

of this administratively insolvent Chapter 7 case, in which the Trustee's administration has been

concluded, because there are  insufficient funds on hand to pay in full even the claims of holders

of chapter 7 administrative expenses, (B) authorizing and directing that all funds in the Trustee's

interest-bearing Estate account for this case be paid to reimburse disbursements incurred by the

Trustee, and his retained professionals in full, and pay the balance then remaining pro-rata to the

Trustee for his commissions, landlord's claim for the Chapter 7 period (post conversion), Office

of the United States Trustee, the Trustee's attorneys, auctioneers, appraisers and accountants;

and granting the Trustee and this Estate such other and further relief as the Court deems just and

proper under the circumstances herein; and it is further

ORDERED, that service of notice of the Hearing shall be good and sufficient if it

is made by first class postage pre-paid mail sent on or before 5:00 p.m. on June 18, 2007 to (a)

the Office of the U.S. Trustee; and (b) Chapter 7 administrative expense claimants other than the

Trustee and counsel for the Trustee (being the auctioneers and the accountants retained by the

Trustee in this case under Orders of this Court, and the counsel in this case for the Debtor's

former landlord, all of which entities' addresses are set forth in the next decretal paragraph of

this Order); and ( c) those parties/entities that have filed a notice of appearance or request for

service; and it is further

ORDERED, that any and all objections, opposition, or responses to the relief

which is sought in the Motion or to any other further relief which the Court may determine

should be granted to the Trustee, shall only be considered by the Court if it is made in writing

(which specifies the name and docket number of this case, the nature of the objection, the

identity of the objecting entity and its connection to the case, etc.) and must, on or before **12:00

noon on June 29, 2007** (the "Final Objection Time"), be:

> - served so as to be received by the Final Objection Time by:
>
>> **-** Neil H. Ackerman, Esq., of Meltzer, Lippe, Goldstein &
>> Breitstone, LLP, counsel to the Trustee, 190 Willis Avenue,
>> Mineola, NY 11501, on or before the Final Objection Time;
>>
>> - Demetrios G. Melis, Esq., P.C., counsel to the landlord, Alex
>> Demetriades, 259 West 29th Street, Suite 100, New York, NY
>> 10001;
>>
>> - Philip Weiss Auctions, 1 Neil Court, Oceanside, NY 11572, Attn:
>> Philip Weiss;
>>
>> - David Maltz of David R. Maltz & Co. Inc., 155 Terminal Drive,
>> Plainview, NY 11803;
>>
>> - Eisner & Co LLP, Attn: Ira M. Spiegel, CPA, 750 Third Avenue,
>> New York, NY 10017;
>>
>> - Friedman LLP (f/k/a Friedman Alpren & Green, LLP), Attn:
>> Robert C. Meier, CPA, 1700 Broadway, New York, NY 10019;

AND

> - filed together with proof of service as set forth above as follows: (a) (i)
> through the Bankruptcy Court's electronic filing system (in accordance
> with the General Order of this Court), which may be accessed through the
> internet at the Bankruptcy Court's website (www.nyeb.uscourts.gov)
> using Netscape navigator software version 3.0 or higher, and (ii) in
> portable document format (PDF) using Adobe exchange software for
> conversion, or (b) if a party is unable to file electronically, such party shall
> submit the objection in PDF format on a diskette in an envelope with the
> case name, case number, type and title of the document, document number
> of the document to which the objection refers, and the file name on the
> outside of the envelope, or (c) if a party is unable to file electronically or
> use PDF format, such party shall submit the objection on a diskette in
> either Word, Word perfect, or DOS text (ASCII format).  An objection
> filed by a party with no legal representation shall comply with section (b)

or (c) as set forth in this subparagraph. A hard copy of the objection with proof of service as required in this paragraph, whether filed pursuant to section (a), (b), or (c) as set forth in this subparagraph, must be delivered directly so that it is received on or before the Final Objection Time by the Office of the Clerk of the United States Bankruptcy Court, Long Island Federal Courthouse, 290 Federal Plaza, P.O. Box 9013, Central Islip, New York 11722, with a courtesy copy for the Chambers of the Hon. Stan Bernstein, United States Bankruptcy Judge; and

it is further

ORDERED, that the Hearing may be adjourned from time to time without further notice other than oral announcement at the Hearing or written posting on the Court's calendar for said date; and that appearances by anyone other than the Trustee or his counsel at the hearing herein and any adjournments thereof is welcome but not obligatory, unless written opposition, objections, or responses are filed and served thereto, in which event, the entity filing and serving same must appear at the Hearing and any adjournments thereof or, the opposition, objections and/or responses shall be deemed fully waived.

Dated:  Central Islip, New York
        June 18, 2007


                              *s/ Stan Bernstein*
                              Stan Bernstein
                              United States Bankruptcy Judge